Craig A. Taggart, State Bar No. 239168
ctaggart@mortensontaggart.com
Robert Schultz, State Bar No. 305367
rschultz@mortensontaggart.com
**MORTENSON TAGGART ADAMS LLP**
300 Spectrum Center Drive, Suite 1200
Irvine, California 92618
Telephone: (949) 774-2224
Facsimile: (949) 774-2545

David A. Walton
*Pro Hac Vice* Forthcoming
Texas Bar No. 24042120
dwalton@bellnunnally.com
**BELL NUNNALLY & MARTIN LLP**
2323 Ross Avenue, Suite 1900
Dallas, TX 75201
Tel. (214) 740-1400
Fax (214) 740-1499

Attorneys for LIBERTY FIRST LENDING, LLC dba PAYLESS USA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JENNIFER VITELLO, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

LIBERTY FIRST LENDING, LLC dba PAYLESS USA,

Defendant.

CASE NO. 8:25-cv-02502-AH-KES
Honorable Anne Hwang

**ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

1. Defendant Liberty First Lending, LLC dba Payless USA (Liberty First) files this answer to the class action complaint filed by Plaintiff Jennifer Vitello, individually (Vitello), and on behalf of all others similarly situated, on November 7, 2025 (Complaint) (ECF No. 1). Liberty First denies each and every material allegation in the Complaint aside from those expressly admitted herein.

## NATURE OF THE ACTION

2. The allegations in paragraph 2 of the Complaint constitute legal conclusions or a characterization of Vitello's complaints to which no response is required. To the extent a response is required, Liberty First states the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (TCPA) (and any corresponding legislative history and judicial interpretation) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute in whole.

3. The allegations in paragraph 3 of the Complaint constitute legal conclusions or a characterization of Vitello's complaints to which no response is required. To the extent a response is required, Liberty First denies the allegations in paragraph 3 of the Complaint.

4. Liberty First admits it offers personal loan services, personal loan brokerage services, and lead referral services. Liberty First denies any remaining allegation in paragraph 4 of the Complaint.

5. Liberty First denies the allegations in paragraph 5 of the Complaint.

6. The allegations in paragraph 6 of the Complaint constitute legal conclusions or a characterization of Vitello's complaints to which no response is required. To the extent a response is required, Liberty First denies the allegations in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. The allegations in paragraph 7 of the Complaint constitute legal conclusions or a characterization of Vitello's complaints to which no response is

required. To the extent a response is required, Liberty First does not challenge subject matter jurisdiction in this case.

8. The allegations in paragraph 8 of the Complaint constitute legal conclusions or a characterization of Vitello's complaints to which no response is required. To the extent a response is required, Liberty First does not challenge personal jurisdiction and venue in this case.

## PARTIES

9. Upon information and belief, Liberty First admits the allegations in paragraph 9 of the Complaint.

10. Upon information and belief, Liberty First admits the allegations in paragraph 10 of the Complaint.

11. Liberty First denies the allegations in paragraph 11 of the Complaint. Liberty First is a California limited liability company with a principal address in Irvine, California.

12. Liberty First denies the allegations in paragraph 12 of the Complaint.

13. Liberty First denies the allegations in paragraph 13 of the Complaint.

## FACTUAL ALLEGATIONS

14. Liberty First admits it offers personal loan services, personal loan brokerage services, and lead referral services. Liberty First denies any remaining allegation in paragraph 14 of the Complaint.

15. Upon information and belief, Vitello's mother, Patricia Vitello, or Vitello using her mother's name or persona, submitted an online form on August 30, 2025, seeking debt relief services, therein providing her telephone number, xxx-xxx-5898, and purposely opting in to receive telephone calls (by artificial or prerecorded voices or otherwise) or text messages, regardless of whether the telephone number, xxx-xxx-5898, is listed on the Do-Not-Call (DNC) List. Patricia Vitello, or Vitello using her mother's name or persona, provided Vitello's home address in East Haven, CT 06106, Vitello's email address, jvitelloxxxx@xxxxx.com, and Vitello's telephone

number, xxx-xxx-5898. Upon information and belief, Vitello submitted an online form on September 6, 2025, seeking debt relief services, therein providing her telephone number, xxx-xxx-5898, and purposely opting in to receive telephone calls (by artificial or prerecorded voices or otherwise) or text messages, regardless of whether the telephone number, xxx-xxx-5898, is listed on the Do-Not-Call (DNC) List. Vitello provided her home address in East Haven, CT 06106, her email address, jvitelloxxxx@xxxxx.com, and her telephone number, xxx-xxx-5898. Liberty First admits it attempted to contact Vitello by telephone in September of 2025 after Vitello provided her prior express invitation or permission to be contacted. Liberty First denies any remaining allegation in paragraph 15 of the Complaint.

16. Upon information and belief, Vitello's mother, Patricia Vitello, or Vitello using her mother's name or persona, submitted an online form on August 30, 2025, seeking debt relief services, therein providing her telephone number, xxx-xxx-5898, and purposely opting in to receive telephone calls (by artificial or prerecorded voices or otherwise) or text messages, regardless of whether the telephone number, xxx-xxx-5898, is listed on the Do-Not-Call (DNC) List. Patricia Vitello, or Vitello using her mother's name or persona, provided Vitello's home address in East Haven, CT 06106, Vitello's email address, jvitelloxxxx@xxxxx.com, and Vitello's telephone number, xxx-xxx-5898. Upon information and belief, Vitello submitted an online form on September 6, 2025, seeking debt relief services, therein providing her telephone number, xxx-xxx-5898, and purposely opting in to receive telephone calls (by artificial or prerecorded voices or otherwise) or text messages, regardless of whether the telephone number, xxx-xxx-5898, is listed on the Do-Not-Call (DNC) List. Vitello provided her home address in East Haven, CT 06106, her email address, jvitelloxxxx@xxxxx.com, and her telephone number, xxx-xxx-5898. Liberty First admits it attempted to contact Vitello by telephone in September of 2025 after Vitello provided her prior express invitation or permission to be contacted. Liberty First denies any remaining allegation in paragraph 16 of the Complaint.

17. Upon information and belief, Vitello's mother, Patricia Vitello, or Vitello using her mother's name or persona, submitted an online form on August 30, 2025, seeking debt relief services, therein providing her telephone number, xxx-xxx-5898, and purposely opting in to receive telephone calls (by artificial or prerecorded voices or otherwise) or text messages, regardless of whether the telephone number, xxx-xxx-5898, is listed on the Do-Not-Call (DNC) List. Patricia Vitello, or Vitello using her mother's name or persona, provided Vitello's home address in East Haven, CT 06106, Vitello's email address, jvitelloxxxx@xxxxx.com, and Vitello's telephone number, xxx-xxx-5898. Upon information and belief, Vitello submitted an online form on September 6, 2025, seeking debt relief services, therein providing her telephone number, xxx-xxx-5898, and purposely opting in to receive telephone calls (by artificial or prerecorded voices or otherwise) or text messages, regardless of whether the telephone number, xxx-xxx-5898, is listed on the Do-Not-Call (DNC) List. Vitello provided her home address in East Haven, CT 06106, her email address, jvitelloxxxx@xxxxx.com, and her telephone number, xxx-xxx-5898. Liberty First admits it attempted to contact Vitello by telephone in September of 2025 after Vitello provided her prior express invitation or permission to be contacted. Liberty First denies any remaining allegation in paragraph 17 of the Complaint.

18. Liberty First lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Liberty First lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Liberty First lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Liberty First lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Liberty First denies the allegations in paragraph 22 of the Complaint.

23. Liberty First denies the allegations in paragraph 23 of the Complaint.

24. Liberty First lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Liberty First denies the allegations in paragraph 25 of the Complaint. Upon information and belief, Vitello's mother, Patricia Vitello, or Vitello using her mother's name or persona, submitted an online form on August 30, 2025, seeking debt relief services, therein providing her telephone number, xxx-xxx-5898, and purposely opting in to receive telephone calls (by artificial or prerecorded voices or otherwise) or text messages, regardless of whether the telephone number, xxx-xxx-5898, is listed on the Do-Not-Call (DNC) List. Patricia Vitello, or Vitello using her mother's name or persona, provided Vitello's home address in East Haven, CT 06106, Vitello's email address, jvitelloxxxx@xxxxx.com, and Vitello's telephone number, xxx-xxx-5898. Upon information and belief, Vitello submitted an online form on September 6, 2025, seeking debt relief services, therein providing her telephone number, xxx-xxx-5898, and purposely opting in to receive telephone calls (by artificial or prerecorded voices or otherwise) or text messages, regardless of whether the telephone number, xxx-xxx-5898, is listed on the Do-Not-Call (DNC) List. Vitello provided her home address in East Haven, CT 06106, her email address, jvitelloxxxx@xxxxx.com, and her telephone number, xxx-xxx-5898.

26. Liberty First denies the allegations in paragraph 26 of the Complaint. Upon information and belief, Vitello's mother, Patricia Vitello, or Vitello using her mother's name or persona, submitted an online form on August 30, 2025, seeking debt relief services, therein providing her telephone number, xxx-xxx-5898, and purposely opting in to receive telephone calls (by artificial or prerecorded voices or otherwise) or text messages, regardless of whether the telephone number, xxx-xxx-5898, is listed on the Do-Not-Call (DNC) List. Patricia Vitello, or Vitello using her mother's name or persona, provided Vitello's home address in East Haven, CT 06106, Vitello's email address, jvitelloxxxx@xxxxx.com, and Vitello's telephone number, xxx-xxx-5898. Upon information and belief, Vitello submitted an online form on

September 6, 2025, seeking debt relief services, therein providing her telephone number, xxx-xxx-5898, and purposely opting in to receive telephone calls (by artificial or prerecorded voices or otherwise) or text messages, regardless of whether the telephone number, xxx-xxx-5898, is listed on the Do-Not-Call (DNC) List. Vitello provided her home address in East Haven, CT 06106, her email address, jvitelloxxxx@xxxxx.com, and her telephone number, xxx-xxx-5898.

27. Liberty First denies the allegations in paragraph 27 of the Complaint.

28. Liberty First denies the allegations in paragraph 28 of the Complaint. Upon information and belief, Vitello's mother, Patricia Vitello, or Vitello using her mother's name or persona, submitted an online form on August 30, 2025, seeking debt relief services, therein providing her telephone number, xxx-xxx-5898, and purposely opting in to receive telephone calls (by artificial or prerecorded voices or otherwise) or text messages, regardless of whether the telephone number, xxx-xxx-5898, is listed on the Do-Not-Call (DNC) List. Patricia Vitello, or Vitello using her mother's name or persona, provided Vitello's home address in East Haven, CT 06106, Vitello's email address, jvitelloxxxx@xxxxx.com, and Vitello's telephone number, xxx-xxx-5898. Upon information and belief, Vitello submitted an online form on September 6, 2025, seeking debt relief services, therein providing her telephone number, xxx-xxx-5898, and purposely opting in to receive telephone calls (by artificial or prerecorded voices or otherwise) or text messages, regardless of whether the telephone number, xxx-xxx-5898, is listed on the Do-Not-Call (DNC) List. Vitello provided her home address in East Haven, CT 06106, her email address, jvitelloxxxx@xxxxx.com, and her telephone number, xxx-xxx-5898.

29. Liberty First lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30. Liberty First lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. Liberty First lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. Liberty First denies the allegations in paragraph 32 of the Complaint.

33. Liberty First denies the allegations in paragraph 33 of the Complaint.

34. Liberty First denies the allegations in paragraph 34 of the Complaint.

## CLASS ALLEGATIONS

35. The allegations in paragraph 35 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Liberty First states the Federal Rules of Civil Procedure speak for themselves and denies any characterization inconsistent with or that will not uphold a reasonable construction of the rules in whole. Further, to the extent necessary, Liberty First contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis.

36. Liberty First contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. Liberty First denies any remaining allegations in paragraph 36 of the Complaint.

37. Liberty First contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. Liberty First denies any remaining allegations in paragraph 37 of the Complaint.

38. Liberty First contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. Liberty First denies any remaining allegations in paragraph 38 of the Complaint.

39. Liberty First contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose

claims are susceptible of resolution on a class wide basis. Liberty First denies any remaining allegations in paragraph 39 of the Complaint.

40. Liberty First contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. Liberty First denies any remaining allegations in paragraph 40 of the Complaint.

41. Liberty First contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. Liberty First denies any remaining allegations in paragraph 41 of the Complaint.

42. Liberty First contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. Liberty First denies any remaining allegations in paragraph 42 of the Complaint.

43. Liberty First contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. Liberty First denies any remaining allegations in paragraph 43 of the Complaint.

44. Liberty First contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. Liberty First denies any remaining allegations in paragraph 44 of the Complaint.

45. Liberty First contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. Liberty First denies any remaining allegations in paragraph 45 of the Complaint.

**COUNT I**

**Violation of the TCPA 47 U.S.C. § 227(b)(1)(A)**

**(On Behalf of Plaintiff and the Prerecorded Voice Class)**

46. For its answer to paragraph 46 of the Complaint, Liberty First repeats, re-alleges, and incorporates by reference each of its above responses to the preceding paragraphs as if set forth fully herein.

47. Liberty First admits that 47 U.S.C. § 227(b)(1)(A)(iii) states in part: "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States- (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice- … (iii) to any telephone number assigned to a paging service, cellular telephone services, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States; …." To the extent any further response is required, Liberty First states that 47 U.S.C. § 227 (and any corresponding legislative history and judicial interpretation) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute in whole.

48. Liberty First denies the allegations in paragraph 48 of the Complaint.

49. Liberty First denies the allegations in paragraph 49 of the Complaint.

50. Liberty First denies the allegations in paragraph 50 of the Complaint.

51. Liberty First denies the allegations in paragraph 51 of the Complaint.

52. Liberty First denies the allegations in paragraph 52 of the Complaint.

53. Liberty First denies the allegations in paragraph 53 of the Complaint.

**COUNT II**

**Violation of the TCPA 47 U.S.C. § 227**

**(On Behalf of Plaintiff and the Do not Call Registry Class)**

54. For its answer to paragraph 54 of the Complaint, Liberty First repeats, re-alleges, and incorporates by reference each of its above responses to the preceding paragraphs as if set forth fully herein.

55. Liberty First admits that 47 C.F.R. § 64.1200(c)(2) states in part: "No person or entity shall initiate any telephone solicitation to: … (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. …." To the extent any further response is required, Liberty First states that 47 C.F.R. § 64.1200 (and any corresponding legislative history and judicial interpretation) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that regulation in whole.

56. Liberty First admits that on June 26, 2003, the Federal Communications Commission (FCC) adopted the Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, which in part established with the Federal Trade Commission (FTC) a national do-not-call registry for consumers who wish to avoid unwanted telemarketing calls. CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003). To the extent any further response is required, Liberty First states that the Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 (and any corresponding legislative history and judicial interpretation) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of those rules and regulations in whole.

57. Liberty First admits that 47 C.F.R. § 64.1200(d) states in part: "No person or entity shall initiate … any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for

maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity." To the extent any further response is required, Liberty First states that 47 C.F.R. § 64.1200 (and any corresponding legislative history and judicial interpretation) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that regulation in whole.

58. Liberty First admits that 47 U.S.C. § 227(c)(5) states in part: "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules … (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, which is greater, or (C) both such actions." To the extent any further response is required, Liberty First states that 47 U.S.C. § 227 (and any corresponding legislative history and judicial interpretation) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute in whole.

59. Liberty First denies the allegations in paragraph 59 of the Complaint.

60. Liberty First denies the allegations in paragraph 60 of the Complaint.

61. Liberty First denies the allegations in paragraph 61 of the Complaint.

## COUNT III

**Knowing and/or Willful Violation of the TCPA**

**(On Behalf of Plaintiff and the Class)**

62. For its answer to paragraph 62 of the Complaint, Liberty First repeats, re-alleges, and incorporates by reference each of its above responses to the preceding paragraphs as if set forth fully herein.

63. Liberty First denies the allegations in paragraph 63 of the Complaint.

64. Liberty First denies the allegations in paragraph 64 of the Complaint.

65. Liberty First denies the allegations in paragraph 65 of the Complaint.

66. Liberty First denies the allegations in paragraph 66 of the Complaint.

67. Liberty First denies the allegations in paragraph 67 of the Complaint.

## PRAYER FOR RELIEF

To the extent that an answer is required to the Prayer for Relief in the Complaint, Liberty First denies the allegations contained therein and avers that Vitello or any putative class member are not entitled to any remedies sought in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden that it would not otherwise bear, Liberty First asserts separately the following affirmative defenses to Vitello's claims under Rule 8(c) of the Federal Rules of Civil Procedure. Each affirmative defense is asserted as to all claims against Liberty First, unless otherwise noted. Liberty First reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this action.

1. Liberty First asserts that Vitello failed to state a claim against Liberty First upon which relief can be granted with respect to the claims, in whole or in part, in the Complaint.

2. Liberty First asserts that Vitello's claims are barred, in whole or in part, due to her opt-in of, ratification of, or consent to, the complained-of conduct of Liberty First.

3. Liberty First asserts that Vitello's claims are barred, in whole or in part, because any alleged injuries and damages either were not legally or proximately caused, in whole or in part, by the acts, omissions, or other conduct of Liberty First, or were caused, if at all, solely and proximately by Vitello's conduct or by the conduct of third parties including, without limitation, the prior, intervening, or superseding conduct of Vitello or third parties.

/ / /

4. Liberty First asserts that Vitello's alleged injuries and damages, if any, were the result of conditions not caused, in whole or in part, by any wrongful act or omission by or on behalf of Liberty First.

5. Liberty First asserts that Vitello's alleged injuries and damages, if any, are barred, in whole or in part, because Vitello failed to exercise reasonable care to mitigate any such injuries and damages that she may have suffered or has failed to exercise due diligence in an effort to mitigate any such injuries or damages. Vitello's failure to exercise reasonable care to mitigate damages was the complete or partial cause of any damages Vitello may have suffered.

6. Liberty First asserts that Vitello's alleged injuries and damages, if any, are barred, in whole or in part, because of the doctrine of unclean hands based on wrongful, unfair, or inequitable conduct, such as bad faith, unconscionability, or fraud, by Vitello or on behalf of Vitello.

7. Liberty First asserts that Vitello's claims are barred, in whole or in part, because any recovery by Vitello would constitute unjust enrichment.

8. Liberty First asserts that Vitello's claims are barred, in whole or in part, by the doctrine of waiver.

9. Liberty First asserts that Vitello's class action claims are barred, in whole, because any class alleged in the Complaint is uncertifiable as a matter of law and there are no putative class members whose claims are susceptible of resolution on a class wide basis.

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis* harm because the actual harm allegedly suffered by Plaintiff (if any, which is not conceded) is negligible.

11. Liberty First asserts, without limitation, all defenses available to it pursuant to the TCPA and its related implementing regulations, including, but not limited to, that Liberty First has established and implemented, with due care, reasonable practices and procedures to effectively prevent "telephone solicitations"

in violation of the TCPA's regulations, and such practices and procedures were in place and followed at all relevant times. For the avoidance of doubt, Liberty First invokes all affirmative defenses, protections, and limitations of the TCPA.

12. Liberty First reserves the right under Rule 15(a) of the Federal Rules of Civil Procedure to timely amend its answer to allege more affirmative and other defenses as additional information is obtained through discovery.

**PRAYER**

Liberty First respectfully request that Vitello's claims against Liberty First be dismissed with prejudice, that Vitello take nothing by her claims against Liberty First, that Liberty First recover all attorney fees, related nontaxable expenses, and costs provided for under Fed. R. Civ. P. 54(d), and that a judgment be entered in favor of Liberty First, as well as any other relief to which Liberty First may be entitled.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial on all causes of action asserted herein.

DATED: December 31, 2025 MORTENSON TAGGART ADAMS LLP

By: /s/ Craig A. Taggart
Craig A. Taggart
Robert Schultz
Attorneys for LIBERTY FIRST
LENDING, LLC dba PAYLESS USA